**Not for publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF RALPH R. IANUZZI, SR., *deceased, through its personal representatives*, WILLIAM CARROLL and CHRISTINE IANUZZI,<br><br>*Plaintiff*,<br><br>v.<br><br>DAMON C. TORRES,<br><br>*Defendant*. | Case No. 22-cv-1269 (JMV) (JRA)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

      Currently pending before the Court is the unopposed motion for default judgment brought by the Estate of Ralph R. Ianuzzi, Sr. through its personal representatives, William Carroll and Christine Ianuzzi. D.E. 6. The Court reviewed all submissions made in support of the motion[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED.** However, the Court will direct Plaintiff to calculate, in the first instance, the damages due and owing and to submit a letter reflecting those calculations.

---

[1] The Complaint, D.E. 1, will be referred to as "Compl." Plaintiff's brief in support of the motion, D.E. 6-1, will be referred to as "Pl. Br."

I.  **BACKGROUND**[2]

Ralph Ianuzzi, Sr. ("Decedent"), a citizen of Florida, and Damon C. Torres ("Defendant"), a citizen of Idaho, entered into an option contract dated March 22, 2012. Compl. ¶¶ 1-2, 5. Decedent loaned Defendant $1,000,000 in exchange for the right to purchase, in the next seven years, common membership units in a limited liability company called Interactive Media Universe or common shares in a corporation called Robocast, Inc. *Id.* ¶¶ 6-7. The parties executed a promissory note, which provided for Defendant to pay Decedent the "principal amount . . . on or before March 22, 2019 (the 'Maturity Date'), together with interest from the date hereof on the unpaid principal balance from time to time outstanding until paid in full." D.E. 1-1 ("Compl. Ex. A") at 2. The promissory note further provided that Defendant "irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in New Jersey, over any suit, action or proceeding arising out of or relating to this note." *Id.* at 3. The parties agreed that the "Note shall be governed by and construed and enforced in accordance with the laws of the State of New Jersey without reference to conflicts of laws principles thereof." *Id.*

Decedent passed away on September 13, 2013. Compl. ¶ 1.

By agreement effective March 22, 2019, the original maturity date, Decedent's estate ("Plaintiff" or "the Estate") and Defendant extended and modified the promissory note. *Id.* ¶ 10. The principal amount, interest, and fees were reflected in the new sum of $1,380,387.00. D.E. 1-2 ("Compl. Ex. B") ¶ 1. Defendant agreed to repay this amount, "together with fees and interest payable at a rate of [**six percent (6%)**] per annum[,]" in full upon demand by Plaintiff, but no sooner than March 22, 2020. *Id.* (first brackets and emphasis in original). Additionally, both the

---

[2] The facts of this matter derive from the Complaint, D.E. 1, as well as the declarations, exhibits, and brief submitted in support of Plaintiff's instant motion for default judgment.

note and the extension and modification agreement stipulated that if Defendant breached the agreement, he would pay or otherwise indemnify Plaintiff for costs and reasonable fees associated with enforcing it. Compl. Ex. A at 3; Compl. Ex. B ¶ 9.

On September 28, 2021, pursuant to the extension and modification agreement, Plaintiff demanded from Defendant $1,785,105.79, inclusive of interest and fees. Compl. ¶¶ 11-12. Defendant did not respond to the demand and did not pay any amount. *Id.* ¶¶ 11, 13.

Plaintiff commenced this action on March 8, 2022. D.E. 1. Plaintiff asserts alternative claims for breach of contract and unjust enrichment and seeks as damages the unpaid principal, interest, and fees. Compl. at 4-5. On April 18, 2022, the Clerk of the Court entered default. D.E. 5. Plaintiff moved for default judgment, pursuant to Federal Rule of Civil Procedure 55(b), on May 3, 2022. D.E. 6.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 permits the entry of default judgment against a properly served defendant who fails to plead or otherwise defend against claims. Fed. R. Civ. P. 55. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)).

Prior to entering a default judgment against Defendant, the Court must consider whether (1) it has personal and subject matter jurisdiction; (2) Defendant was properly served; (3) the Complaint sufficiently pleads a cause of action; and (4) Plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). The Court must also assess the propriety of a default judgment by examining (1) the prejudice suffered by Plaintiff if its motion is denied; (2) whether Defendant has any meritorious defense; and (3) Defendant's culpability. *Id.* at *2.

### III. ANALYSIS

#### A. Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

##### 1. Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a)(1). Additionally, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *Id.* § 1332(c)(2). Defendant is a citizen of the State of Idaho. Compl. ¶ 2. Decedent was a citizen of the State of Florida at the time of his death. *Id.* ¶ 1. Thus, the representatives of Decedent's estate are deemed to be citizens of the State of Florida. As a result, the parties are completely diverse from one another. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 202 (3d Cir. 2022). The

amount in controversy far exceeds the $75,000 statutory minimum. Compl. ¶ 12. Accordingly, the Court has subject matter jurisdiction over Plaintiff's breach of contract and unjust enrichment claims.

### 2. Personal Jurisdiction

There are numerous ways in which a plaintiff can demonstrate personal jurisdiction, including waiver, consent, in-state service on an individual, general jurisdiction, and specific jurisdiction. *E.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-97 (1991) (regarding consent via a forum selection clause). Plaintiff represents that the Court has personal jurisdiction over Defendant through a forum-selection clause. Pl. Br. at 5-6 (citing, *inter alia*, Compl. Ex. A at 3). In federal court, the validity of a contractual forum selection clause is determined by federal law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). "The United States Supreme Court has held that a contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)). A forum selection clause will be invalidated only when the opposing party establishes "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).

In the present case, Defendant "irrevocably submit[ted] to the nonexclusive jurisdiction of any Federal or state court sitting in New Jersey, over any suit, action or proceeding arising out of or relating to [the promissory n]ote." Compl. Ex. A at 3. The clause is enforceable as Defendant

has not offered any ground for invalidation. Consequently, the Court has personal jurisdiction over Defendant.

### B. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)). Defendant, an individual, may be served by "delivering a copy of the summons and of the complaint to [him] personally." Fed. R. Civ. P. 4(e)(2)(A). Defendant was properly served when Plaintiff's process server personally delivered a copy of the Complaint and Summons to Defendant. D.E. 3.

### C. Sufficiency of Plaintiff's Causes of Action

Plaintiff alleges two alternative causes of action under New Jersey law: breach of contract and unjust enrichment. Compl. ¶¶ 16-23. Plaintiff apparently invokes the choice-of-law provision in the promissory note, which provides for New Jersey law. *See* Pl. Br. at 2.

In the usual diversity-jurisdiction case, "[t]o choose which state law will apply, 'a federal court . . . must apply the choice-of-law rules of the forum state.'" *White v. Sunoco, Inc.*, 870 F.3d 257, 263 (3d Cir. 2017) (quoting *LeJeune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir. 1996)); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). This analysis is required "*even where the contract contains a choice-of-law clause.*" *CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, 489 F. Supp. 3d 282, 300 (D.N.J. 2020) (emphasis in original); *see also Harper v. Amazon.com Servs., Inc.*, 12 F.4th 287, 295 (3d Cir. 2021). Thus, the Court must "turn to New Jersey choice-of-law rules to determine what state's substantive contract law governs the interpretation of the Agreements' forum selection clauses, since this diversity action originated in a New Jersey federal district court." *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017).

"Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." *Portillo v. Nat'l Freight, Inc.*, 323 F. Supp. 3d 646, 651 (D.N.J. 2018) (quoting *Instructional Sys, Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)). Courts applying New Jersey law look to Section 187 of the Second Restatement of Conflicts of Laws "to determine under what circumstances a choice-of-law clause will *not* be respected." *Collins*, 874 F.3d at 184 (emphasis in original). Plaintiff does not perform this analysis, but instead appears to assume that the choice-of-law provision is valid, and that New Jersey law governs. The Court is not independently aware of any violation of New Jersey's public policy, so the Court will apply New Jersey law.

To establish the breach of contract claim, Plaintiff must allege that (1) "the parties entered into a contract containing certain terms"; (2) "[Plaintiff] did what the contract required them to do"; (3) "[Defendant] did not do what the contract required them to do"; and (4) "[Defendant's] breach, or failure to do what the contract required, caused a loss to [Plaintiff]." *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)). To establish the unjust enrichment claim, "[Plaintiff] must show both that [D]efendant received a benefit and that retention of that benefit without payment would be unjust." *Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 196 (D.N.J. 2012) (quoting *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 554 (N.J. 1994)). "For an unjust enrichment claim to succeed, there must be a showing that '[Plaintiff] expected remuneration from [Defendant] . . . at the time the benefit was conferred.'" *Id.* (quoting *Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 334-35 (N.J. Super. Ct. App. Div. 1966)). However, unjust enrichment is an equitable cause of action and therefore, Plaintiff may only recover under that theory in the absence of an

express contract. *Am. Rubber & Metal Hose Co. v. Strahman Valves, Inc.*, No. 11-1279, 2011 WL 3022243, at *8 (D.N.J. July 22, 2011) (citing *Caputo v. Nice-Pak Prods., Inc.*, 693 A.2d 494, 498 (N.J. Super. Ct. App. Div. 1997)).

Here, Plaintiff adequately pled the elements of breach of contract. First, Plaintiff established the existence of valid contracts with Defendant. D.E. 6-6 ("Carroll Decl.") ¶¶ 5-20. Second, Plaintiff established that it performed its obligations under the contracts. *Id.* ¶ 20. As to the remaining elements, Plaintiff sufficiently pleaded both Defendant's breach and damages suffered therefrom. Compl. ¶¶ 5-19. Because Plaintiff has adequately pled a claim for breach of contract, it cannot also recover damages for unjust enrichment. *Am. Rubber & Metal Hose Co.*, 2011 WL 3022243, at *8. The Court, therefore, does not analyze whether Plaintiff has stated a claim for unjust enrichment.

### D. Damages

In a default judgment, damages must be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Further, courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment. *Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016). Plaintiff asserts that it is entitled to a sum of damages comprised of (i) the principal amount of $1,380,387.00 pursuant to the extension and modification agreement; plus (ii) $212,387.76, which constitutes interest at the rate of 6% per annum from March 22, 2019 (the effective date of the extension and modification agreement), to October 13, 2021 (fifteen days from the date of Plaintiff's September 28, 2021 demand letter); (iii) $378.19 per diem constituting interest at the rate of 10% per annum from October 13, 2021, to the date judgment is entered; and (iv) a late charge of 6% of the sum of the preceding principal and interest owed. Carroll Decl. ¶¶ 21-23. The principal amount, interest rates, and late charge are

provided for in both the promissory note and the extension and modification agreement. Compl. Ex. A at 2-3; Compl. Ex. B ¶ 1. Plaintiff will therefore be awarded damages consistent with those documents' provisions.

However, Plaintiff does not provide the Court with a calculation of damages as to the per-diem charge or interest—and therefore, the total damages Plaintiff seeks. Again, it is Plaintiff's burden to affirmatively establish damages owed. *Comdyne I*, 908 F.2d at 1149. Therefore, although the Court grants Plaintiff's motion, the Court directs Plaintiff to submit a letter calculating the precise amounts that Plaintiff seeks. Plaintiff is further directed to use the date upon which this Opinion and the accompanying Order are signed as the date of judgment for the sake of calculating the per diem and interest charges.

Under the terms of both agreements, Plaintiff is entitled to reasonable attorneys' fees and costs related to the matter. Compl. Ex. A at 3; Compl. Ex. B ¶ 9. This amount totals $14,318.08, comprising $13,638.50 in attorneys' fees and $679.58 in costs. D.E. 6-2 ¶ 10. A request for fees "must be accompanied by fairly definite information as to hours devoted to various general activities." *Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *4 (D.N.J. June 7, 2016) (quoting *UAW Local 259 Soc. Sec. Dep't. v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)). Plaintiff has adequately established its request for attorneys' fees and costs through the inclusion of itemized invoices reflecting the services performed, hours and rates billed by individuals working on the matter, and various expenses incurred. D.E. 6-5. Therefore, the Court will award Plaintiff its requested attorneys' fees and costs in the amount of $14,318.08.

### E. Default Judgment Factors

Prior to entering default judgment, the Court must assess (1) the potential prejudice suffered by Plaintiff if default judgment is not entered, (2) whether Defendant has a meritorious defense, and (3) Defendant's culpability. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Here, all three factors support the entry of default judgment. Without a default judgment, Plaintiff will be left without recourse against Defendant for the alleged damages, including the incurrence of additional litigation costs. *See Newman v. Axiom Worldwide*, No. 06-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). This result is prejudicial to Plaintiff and supports the entry of default judgment. *Int'l Union of Painters*, 2016 WL 3234516, at *3. In addition, because Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3 (citing *HICA Educ. Loan Corp. v. Morse*, No. 12-2785, 2012 WL 3757051, at *3 (D.N.J. Aug. 28, 2012)). Finally, Defendant's failure to respond, without providing any explanation, supports an inference of his culpability. *Rose Containerline, Inc. v. Omega Shipping Co.*, No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011). This inference is further justified by Defendant's personal receipt of process. D.E. 3.

On balance, these factors warrant the entry of default judgment against Defendant.

Case 2:22-cv-01269-JMV-JRA   Document 7   Filed 06/10/22   Page 11 of 11 PageID: 105

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted. Plaintiff shall file the documentation as to its damages calculations within thirty (30) days. An appropriate Order accompanies this Opinion.

Dated: June 10, 2022

_____
John Michael Vazquez, U.S.D.J.